Anna Y. Park, CA SBN 164242
Michael J. Farrell, CA SBN 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone: (213) 894-1108
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Elizabeth A. Naccarato, NV BAR NO 11221
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, Nevada 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>     vs.<br><br>MV Transportation, Inc., and Does 1 – 10 Inclusive,<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>• **Sex Discrimination (Disparate Treatment because of Sex)**<br><br>**JURY TRIAL DEMAND** |

-1-

Case No.

## NATURE OF THE ACTION

This is an employment discrimination action brought by the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Maria Rodriguez, and Lucia Rodriguez who were adversely affected by such practices. As alleged with greater particularity in Paragraph 9 herein, the Commission alleges that Defendant MV Transportation, Inc. ("Defendant"), subjected Claimants Rodriguez and Rodriguez, to different terms and conditions of employment based on their sex, female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Easterm District of California.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant MV Transportation, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

5. At all relevant times Defendant MV Transportation, Inc., has continuously been doing business in the State of California and the City of Fairfield, and has continuously had at least 15 employees.

6. All of the acts and failures to act alleged herein were duly performed by and attributable to Defendants, including Defendants DOES 1 to 10, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein.  Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

7. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff Commission sues said defendant(s) by fictitious names.  Plaintiff reserves the right to amend the Complaint to name each DOE defendant individually or collectively as they become known.  Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Charging Party Maria Rodriguez filed a charge with the Commission alleging violations of Title VII by Defendant MV Transportation, Inc.  The Commission issued a Letter of Determination finding that the Charging Party and a similarly situated individual, Lucia Rodriguez, were subjected to unlawful employment discrimination based upon their sex, female, in violation of Title VII.  Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b). All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least October 2004, Defendants have engaged in unlawful employment practices at their Merced, California facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) when they subjected Claimants Rodriguez and Rodriguez, to different terms and conditions of employment based on their sex, female.

   a) The different terms and conditions of employment included, but were not limited to, female employees were denied restroom breaks and told to urinate in a bucket instead of using restrooms; female employees were subjected to comments indicating a preference for male employees because male employees required fewer restroom breaks; and female employees were provided with diluted cleaning supplies but required to complete tasks in the same amount of time as employees using non-diluted cleaning supplies.

   b) Similarly situated male employees were allowed restroom breaks and provided with sufficient cleaning supplies to perform job duties.

   c) Defendants are liable for subjecting employees to different terms and conditions of employment. Claimants Rodriguez and Rodriguez were subjected to disparate treatment by supervisory employee Maria Carmen Puentes. Claimant Lucia Rodriguez took reasonable steps to inform the company of the disparate treatment when she complained to management officials of the Defendant. However, Defendant failed to take reasonable steps to correct the disparate treatment, but instead permitted the disparate treatment to continue.

10. The effect of the practices complained of in Paragraph 9 above has been to deprive Maria Rodriguez and Lucia Rodriguez of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

11. The unlawful employment practices complained of in Paragraph 9 above were intentional and caused Maria Rodriguez and Lucia Rodriguez to suffer emotional distress.

12. The unlawful employment practices complained of in Paragraph 9 above were

done with malice or with reckless indifference to the federally protected rights of Maria Rodriguez and Lucia Rodriguez.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disparate treatment, and any other employment practice which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past unlawful employment practices.

C. Order Defendant to make whole Maria Rodriguez and Lucia Rodriguez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 9 above, in amounts to be determined at trial.

D. Order Defendants to pay Maria Rodriguez and Lucia Rodriguez punitive damages for their malicious and/or reckless conduct described in Paragraph 9 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 29, 2011                    Respectfully Submitted

                                                  P. DAVID LOPEZ
                                                General Counsel

                                                JAMES LEE,
                                                Deputy General Counsel

                                                GWENDOLYN YOUNG REAMS,
                                                Associate General Counsel

                                                U.S. EQUAL EMPLOYMENT
                                                OPPORTUNITY COMMISSION
                                                131 M Street, NE
                                                Washington, DC 20507

                                                By:     /s/ Anna Park
                                                    ANNA PARK
                                                    Regional Attorney
                                                U.S. EQUAL EMPLOYMENT
                                                OPPORTUNITY COMMISSION