1   Anna Y. Park, SBN 164242
    Elizabeth A. Naccarato, NV SBN 11221
2   U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
3   255 East Temple Street, Fourth Floor
    Los Angeles, CA 90012
4   Telephone: (213) 894-1083
    Facsimile: (213) 894-1301
5   E-Mail: lado.legal@eeoc.gov

6   Attorney for Plaintiff
    U.S. EQUAL EMPLOYMENT
7   OPPORTUNITY COMMISSION

8   Cynthia J. Haston, SBN 189681
    MV Transportation, Inc.
9   4620 Westamerica Drive
    Fairfield, CA 94534
10  Telephone: (707) 646-7901
    Facsimile: (707) 863-0146
11  E-Mail: cynthia.haston@mvtransit.com

12  Attorney for Defendant
    MV Transportation, Inc.

13

14                  **UNITED STATES DISTRICT COURT**

15          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

16

17  U.S. EQUAL EMPLOYMENT          ) Case No.: 2:11-cv-02020-MCE -EFB
    OPPORTUNITY COMMISSION,        )
18                                 )
                                   ) CONSENT DECREE; ORDER
19          Plaintiff,             )
                                   )
20                                 )
        v.                         )
21                                 )
                                   )
22  MV Transportation, Inc.        )
                                   )
23          Defendant.             )
                                   )
24                                 )

25

26

27

28

                              -1-

# I.
## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the ` EEOC" or "Commission") and Defendant MV Transportation, Inc. ("MV Transportation") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's action filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging that Charging Party, Maria Gloria Rodriguez ("Charging Party") and a similarly situated Class Member, Lucia Rodriguez ("Class Member") (hereinafter collectively referred to along with the Charging Party as "Claimants" where appropriate) were subjected to unlawful employment practices on the basis of gender (female).

# II.
## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.     The parties to this Consent Decree ("Decree") are the EEOC and MV Transportation. The parties have a common understanding that the MV Transportation Merced division was closed on July 1, 2005.  Accordingly, the parties agree that the scope of this Decree only encompasses MV Transportation's division located in Hanford, California.  This Decree shall be binding on and enforceable against MV Transportation and its officers, directors, agents, successors and assigns.

B.     The parties have entered into this Decree for the following purposes:

    1.     To provide appropriate monetary and injunctive relief;

    2.     To ensure that MV Transportation's employment practices comply with federal law;

    3.     To ensure a work environment free from discrimination, hostility and retaliation;

4.     To ensure training for MV Transportation's managers and employees with respect to their obligations under Title VII; and

5.     To provide an appropriate and effective mechanism for handling discrimination complaints in the workplace.

### III.
### RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims and allegations by the EEOC against MV Transportation that are raised in the Complaint filed in this action in the United States District Court for the Eastern District of California on July 29, 2011, captioned *U.S. Equal Employment Opportunity Commission v. MV Transportation, Inc.,* Case No. 2:11-cv-02020-MCE-EFB (the "Complaint").

B.     Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C.     Nothing in this Decree shall be construed to limit or reduce MV Transportation's obligation to comply fully with Title VII or any other federal employment statute.

D.     This Decree in no way affects EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against MV Transportation in accordance with standard EEOC procedures.

### IV.
### JURISDICTION

A.     The Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms with the Federal Rules

of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.    The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.    Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C.    By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

# VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.      The parties expressly agree that if the Commission has reason to believe that MV Transportation has failed to comply with any provision of this Consent Decree, the Commission may bring an action before this Court to enforce the Decree.   Prior to initiating such action, the Commission will notify MV Transportation and its legal counsel of record, in writing, of the nature of the dispute.   This notice shall specify the particular provision(s) that the Commission believes MV Transportation has breached. Absent a showing that the delay will cause irreparable harm, MV Transportation shall have sixty (60) days to attempt to resolve or cure the breach.

B.      The parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.      After sixty (60) days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as the MV Transportation is shown to be in breach of the Decree, the Commission's costs incurred in securing compliance with the decree and any other relief the Court deems appropriate.

# VIII.

## MONETARY RELIEF

A.      Payment to Charging Party and Named Class Member

    In settlement of this lawsuit, MV Transportation shall pay a total of $35,000.00. Within ten (10) business days of the Effective Date, MV Transportation shall forward, via certified mail, a check to the Charging Party and, separately, a check for the amount to the Named Class Member.    EEOC will advise MV Transportation of the respective amounts of each check and the appropriate address

to which each check should be sent. All monetary relief shall be classified as compensatory damages and no withholdings shall be made.   MV Transport shall prepare and distribute a 1099 tax reporting form to Charging Party and the Named Class Member and shall make appropriate reports to the Internal Revenue Service and other tax authorities. Within three (3) business days of the issuance the settlement checks, MV Transportation shall submit a copy of each check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

## IX.

## GENERAL INJUNCTIVE RELIEF

A.     NON-DISCRIMINATION

  1.     *Harassment Based on Sex*

MV Transportation, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined for the duration of this decree from: (a) harassing or tolerating harassment against persons on the basis of sex in the terms and conditions of employment; (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of sex; and (c) creating, facilitating or permitting the existence of a work environment that is hostile to female employees.

  2.     *Retaliation*

MV Transportation, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of

1    retaliating against any current or former employee or applicant of MV

2    Transportation, or either of them, because he or she has in the past, or during the

3    term of this Decree: (a) opposed any practice made unlawful under Title VII; (b)

4    filed a charge of discrimination alleging such practice; (c) testified or participated

5    in any manner in any investigation (including without limitation, any internal

6    investigation undertaken by MV Transportation), proceeding in connection with

7    this case and/or relating to any claim of a Title VII violation; (d) was identified as

8    a possible witness or claimant in this action; (e) asserted any rights under this

9    Decree; or (f) sought or received any relief in accordance with this Decree.

10   B.    <u>VERIFICATION OF DOCUMENTS</u>

11          MV Transportation currently has in place (1) policies setting forth complaint

12   procedures for filing complaints of discrimination, harassment, and retaliation; (2)

13   policies prohibiting discrimination, harassment, and retaliation; (3) anti-

14   harassment/anti-discrimination/anti-retaliation policies; and (4) policies regarding

15   investigation of complaints of discrimination, harassment and retaliation.  MV will

16   verify to EEOC that these policies and procedures are in place.

17   C.    <u>POLICIES CONCERNING DISCRIMINATION AND HARASSMENT</u>

18          MV Transportation shall, within twenty (20) business days after the

19   Effective Date, provide a copy to the Commission of MV Transportation's policy

20   discrimination and sexual harassment written in all languages predominately

21   spoken in the Hanford facility. The policy shall include:

22          1.    A clear explanation of prohibited conduct;

23          2.    Assurance that employees who make complaints of harassment/

24   discrimination or provide information related to such complaints will be protected

25   against retaliation;

26          3.    A clearly described complaint process that provides accessible and

27   confidential avenues of complaint with contact information including name (if

28

applicable), address, and telephone number of persons both internal (i.e., human resources) and external to MV Transportation (i.e., Commission) to whom employees may report discrimination, harassment and retaliation, including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management;

4.      Assurance that the employer will protect the confidentiality of harassment/discrimination complainants to the extent possible;

5.      A complaint process that provides a prompt, thorough, and impartial investigation;

6.      A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken; and

7.      Assurance that MV Transportation will take immediate and appropriate corrective action when it determines that harassment/discrimination and/or retaliation has occurred.

8.      Assurance that MV Transportation's disciplinary policies hold employees and managers accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

MV Transportation agrees to allow EEOC to comment on its policy within forty-five (45) days of receipt.  The policy shall be distributed to all employees, including management/supervisory staff during the training programs set forth herein in paragraph D and all new hires thereafter and shall be included in any relevant future policy or employee manuals distributed to employees by MV Transportation.  MV Transportation shall maintain acknowledgments from each employee who receives the revised policy.  Throughout the term of this Decree,

1   MV Transportation shall also post the revised policy, in a place that is clearly
2   visible to all employees at the Hanford division in a legible font.

3       MV transportation acknowledges that the policy will be consistent
4   companywide and will be disseminated according to MV Transport's normal
5   update of policies and procedures.

6

7   D.    TRAINING

8       MV Transportation and EEOC will agree to schedule mutually agreeable
9   dates within ninety (90) days after the Effective Date for all of MV
10  Transportation's managerial/supervisory and human resources employees to attend
11  mandatory two (2) hour training.  All employees shall be required to attend a
12  training program of at least one (1) hour in order to review the revised policies and
13  procedures regarding sexual harassment, and to review EEO law.  The training
14  shall be mandatory and shall occur once every year for the term of this Decree.
15  Any manager, supervisor, or employee who failed to attend scheduled training
16  shall be trained within (30) days of the live training set forth above.

17      1.    All employees' training shall include coverage of the subjects of
18  equal employment opportunity rights and responsibilities, discrimination,
19  harassment, retaliation, and MV Transportation's revised policies and procedures
20  for reporting and handling complaints of discrimination, harassment and
21  retaliation.

22      2.    The managerial/supervisory/hr training shall additionally include
23  training on how to properly handle and investigate complaints of harassment
24  and/or retaliation in a neutral manner, how to take preventive and corrective
25  measures against harassment and/or retaliation, and how to recognize and
26  prevent harassment and/or retaliation.

27

28

3.     For the remainder of the term of this Decree, all new managerial and human resources employees and all employees recently promoted from a staff/hourly to a managerial position shall receive the managerial/supervisory/hr employee training, as appropriate, within thirty (30) days of hire or promotion.

4.     After the initial training as specified above, all managerial and human resources employees shall receive the training at least annually thereafter for the remainder of the term of this Decree.

5.     All employees required to attend such training shall verify their annual attendance in writing.

6.     Within sixty (60) days after the Effective Date MV Transportation shall submit to the EEOC a description of the training to be provided, an outline of the curriculum, and copies of training materials developed for the trainees.  MV Transportation shall give the EEOC a minimum of ten (10) business days' advance written notice of the date, time and location of each training program provided pursuant to this Decree, and agrees that an EEOC representative may attend any such training program and EEOC will notify MV in advance if a representative is to attend

7.     Human Resources training shall be specific to their obligations, including the handling and investigating of complaints of harassment and retaliation. This training shall be above and beyond the supervisor/manager training as set forth above for the regional human resources manager which covers the Hanford.

E.     PERFORMANCE EVALUATIONS

For the upcoming review cycle, MV Transportation shall revise its performance evaluation forms for mangers and supervisors in order to include as measures for performance compliance with MV Transportation's Anti-Discrimination and Retaliation Policies and Procedures.

-10-

1    At least thirty (30) days prior to implementing the performance evaluation
2  forms described above, MV Transportation will provide the EEOC and the
3  Consultant with the proposed revisions in order to provide an opportunity for
4  comment regarding the revisions.  EEOC will provide comments, if any, within 30
5  days of receipt of the proposed revisions.  MV Transportation shall respond to such
6  comments within thirty (30) days of receipt.  If the parties cannot agree on the
7  proposed revisions, any disputes will be resolved according to the Dispute
8  Resolution Procedures set forth herein.

9  F.    COMPLAINT PROCEDURE

10    Within ninety (90) days of the Effective date, MV Transportation shall re-
11  disseminate the complaint procedure and MV Transportation agrees to publicize
12  the EEOC complaint line number of (800) 669-4000 will be posted at the Hanford
13  facility.   Additionally, thereafter MV Transportation shall track and collect all
14  complaints; investigate and resolve such complaints in a timely and effective
15  manner and retain records regarding resolution of all such complaints.

16  G.    PUBLICATION   OF   THE   INTERNAL   COMPLAINT
17  PROCEDURE

18    MV Transportation shall publish with the Internal Complaint
19  Procedure the following elements that will be included in the procedure:

20    1.    A statement that it is unacceptable to retaliate against any employee
21  for use of the Internal Complaint Procedure, for assisting in the investigation of a
22  complaint, or for otherwise assisting in the utilization of the procedure.

23    2.    A statement that if an allegation of harassment or retaliation against
24  a manager or other employee is substantiated, then such conduct will result in
25  appropriate discipline, up to and including discharge.

26

27

28

# X.

## RECORD KEEPING AND REPORTING

A.     RECORD KEEPING

MV Transportation shall establish a record-keeping procedure that provides for the centralized tracking of discrimination and harassment complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

1.     All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination or retaliation for the duration of the Decree and the identities of the parties involved;

2.     All forms acknowledging employees' receipt of MV Transportation's revised discrimination and anti-retaliation policy;

3.     All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree; and

4.     Documents tracking and analyzing complaints filed against the same employee and location.

The foregoing documents shall be summarized in the semi-annual reports set forth below.

B.     REPORTING

In addition to the notices to the EEOC specified above, MV Transportation shall provide the following reports to the EEOC in writing, by mail or facsimile:

1.     Within one hundred and twenty (120) days after the Effective Date, MV Transportation shall submit to the EEOC an initial report which contains:

(a) A copy of any revised harassment and anti-retaliation policies:

(b) A summary of the procedures and record-keeping methods used to track and monitor the complaints;

(c) Copies of all employee acknowledgment forms indicating receipt of the revised harassment and anti-retaliation policy.

2.    MV Transportation shall also provide the following reports annually throughout the term of this Decree:

(a) The attendance lists of all attendees for training session required under this Decree

(b) Confirmation that the revised harassment policy was distributed to any employees and copies of acknowledgments of receipt of any revised harassment policy;

(c)  A description of all harassment and/or retaliation complaints made by employees of the Hanford division since the submission of the immediately preceding report hereunder.  This description shall include the names of the individuals alleging harassment or retaliation, the nature of the harassment or retaliation, the names of the alleged perpetrators of harassment or retaliation, the dates of the alleged harassment or retaliation, a brief summary of how each complaint was resolved, and the identity of the MV Transportation employee(s) who investigated or resolved each complaint.  If no results have been reached as of the time of the report, the result shall be included in the next report;

 (d) An analysis of the monitoring done for repeat complaints by employees and investigation of complaints; and

(e) MV Transportation shall provide a report to the EEOC detailing any changes of the procedures or record-keeping methods for centralized tracking of harassment complaints and the monitoring of

such complaints within sixty (60) days before implementing such changes.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

MV Transportation shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## MISCELLANEOUS PROVISIONS

A.     During the term of this Consent Decree, MV Transportation shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than sixty (60) days prior to the execution of any agreement for acquisition or assumption of control of any or all of MV Transportation's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.     During the term of this Consent Decree, MV Transportation and its successors shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

D.    The parties agree to entry of this Decree and judgment subject to final approval by the Court.

                                        EQUAL                EMPLOYMENT
                                        OPPORTUNITY COMMISSION

        Dated: 8/3/11                   By:   /s/_____
                                               Anna Y. Park
                                               Attorneys for Plaintiff

                                        MV Transportation, Inc.

        Dated: 7/13/11                  By:   /s/_____
                                               Cynthia J.Haston
                                               Attorneys for Defendant

                                  **ORDER**

        Good cause appearing, the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is hereby ordered.   The Court shall retain jurisdiction to enforce the provisions of the Consent Decree as necessary.

        **IT IS SO ORDERED.**

DATE:  May 7, 2012


                                        _____
                                        MORRISON C. ENGLAND, JR.
                                        UNITED STATES DISTRICT JUDGE

-15-